# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:20-CR-00267-02 |
| v. | (Chief Judge Brann) |
| THERESA STONEBRAKER, | |
| Defendant. | |

## ORDER

### SEPTEMBER 2, 2021

**BACKGROUND:**

Defendant Theresa Stonebraker and one other individual were indicted by a grand jury on October 20, 2020 for a number of offenses related to a money-making scheme that involved stealing people's mail and using their personal identifying information to sign up for various credit and charge cards.[1] On December 18, 2020, Stonebraker pled not guilty and was ordered released on certain conditions by Magistrate Judge William I. Arbuckle that same day. Relevant here, Stonebraker's pretrial release was conditioned on, among other things, the following three stipulations: (1) she must not "violate federal, state, or local law while on release"; (2) she must not "use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless otherwise

---

[1] Doc. 1. The grand jury issued a superseding indictment on November 17, 2020 that likewise included more than twenty counts based on the same underlying conduct. *See* Doc. 7.

prescribed by a licensed medical practitioner"; and (3) she must "submit to testing for a prohibited substance if required by the pretrial services office or supervising officer," and do so without "obstruct[ing], attempt[ing] to obstruct, or tamper[ing] with the efficiency and accuracy" of such testing.[2]

On March 22, 2021, Stonebraker violated the condition of pretrial release prohibiting her from violating federal, state, or local law.[3] Stonebraker and her husband were arrested for not paying for merchandise totaling $318.85 at the Wal-Mart Supercenter in Bloomsburg, Pennsylvania.[4] Stonebraker was released and informed that she would be charged with Retail Theft and Trespassing through the United States Postal Service.[5] On March 31, 2021, the Government filed a motion to have Stonebraker's pretrial release revoked.[6]

Magistrate Judge Arbuckle scheduled a hearing on the Government's motion for April 12, 2021. That day, prior to the hearing, Stonebraker admitted to a second violation of the conditions of her pretrial release. Specifically, Stonebraker admitted that she ingested methamphetamine on or about April 10, 2021. Notwithstanding Stonebraker's two separate violations of the conditions of her pretrial release, Magistrate Judge Arbuckle denied the Government's motion for

---

[2] Doc. 30.
[3] Doc. 40 at 3.
[4] *Id.*
[5] *Id.*
[6] *Id.*

revocation, ordering Stonebraker released on the conditions previously established as well as on the additional condition of home detention and monitoring.[7]

On August 30, 2021, Stonebreaker violated the conditions of her pretrial release a third time. On that day, Stonebraker was scheduled for a hearing before this Court, as she signaled her intent to change her plea to guilty as to two of charges brought against her—one count of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2) and (2), and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028(a)(1).[8] Prior to the hearing, a United States Probation Officer attempted to obtain a urine sample from Stonebreaker for prohibited substance testing, consistent with the terms of her pretrial release.[9] Stonebraker spilled the urine sample on the floor, preventing the Probation Officer from securing a sample prior to the hearing.[10] After the hearing, Stonebraker met once more with the Probation Officer and made two admissions. First, Stonebraker admitted that she ingested methamphetamine on August 27, 2021—three days before her scheduled change of plea hearing.[11] Second, Stonebraker admitted that when she met with the Probation Officer prior to the hearing, she attempted to provide a false urine sample.[12]

---

[7]   Doc. 51.
[8]   *See* Doc. 57.
[9]   *See* Doc. 72.
[10]  *Id.*
[11]  *Id.*
[12]  *Id.*

The Government filed a second motion to revoke Stonebraker's pretrial release on August 31, 2021.[13] The Court conducted a revocation hearing two days later, on September 2, 2021.[14] At the conclusion of the hearing, the Court ordered that Stonebraker's pretrial release be revoked.

18 U.S.C. § 3148 provides that this Court:

> [s]hall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
>> (1) finds that there is—
>>
>>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>>
>>> **(B) clear and convincing evidence that the person has violated any other condition of release; and**
>>
>> (2) finds that—
>>
>>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>>
>>> **(B) the person is unlikely to abide by any condition or combination of conditions of release**.[15]

At the revocation hearing, the Government presented clear and convincing evidence that Stonebraker repeatedly violated the conditions of her release.[16]

---

[13] Doc. 70.
[14] Doc. 72.
[15] 18 U.S.C. § 3148 (emphasis added).
[16] Doc. 72.

Specifically, the Government described the events detailed above, and Stonebraker admitted to committing the charged violations.[17] In light of these facts, the Court is left with no other option but to conclude that Stonebraker is unlikely to abide by the conditions of her release. Her repeated violation of the condition prohibiting her from using controlled substances, and the extraordinary actions she took in attempt to avoid detection—that is, attempting to provide a Probation Officer with a false urine sample—make it abundantly clear that she cannot be trusted to abide by the conditions of her pretrial release.

**AND NOW**, **IT IS HEREBY ORDERED** that:

1. The Government's motion for revocation of bail is **GRANTED**.

2. The Defendant's bail is hereby revoked, and she is to be detained.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] *Id.*