UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 4:20-CR-267-2 |
| | ) | |
| v. | ) | (JUDGE BRANN) |
| | ) | |
| THERESA STONEBRAKER, | ) | |
| | ) | |
| Defendant. | ) | (Electronically Filed) |

PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea to violation of 18 U.S.C. § 1029(a)(2), Count 7, for which the United States sought forfeiture pursuant to 18 U.S.C. § 1029, defendant shall forfeit to the United States:

    a. all property used or intended to be used to commit the offense.

2. The court has concurred, based on the defendant's Plea Agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 1029, and that the government has established the requisite nexus between such property and such offense:

    a. an HP Compact tower serial number 2VA00915HO;

    b. an Asus Laptop model X205T;

    c.    a red HP laptop model 15-bs134wm, intel radio model 316BNGW;

    d.    a black TCL phone, smartphone body style, 7276 written on case;

    e.    a black LG IMEI number 352439-10-266024-2, model LM-Q710MS;

    f.    a silver Samsung SM-J737T;

    g.    a black TCL phone, smartphone body style;

    h.    an AT&T AXIA model QS5509A, IMEI 357485092357633;

    i.    a Samsung Galaxy J1, blue metallic colored, labeled as Verizon LTE;

    j.    a black ALCATEL IMEI number 015126004114720, model 6062W;

    k.    a black ALCATEL flip phone, phone model A405DL;

    l.    a Philips USP Thumb drive 32GB; and

    m.    a Sandisk Cruzer Glide 16GB.

3.    Upon the entry of this Order, the United States or its designee is authorized to seize the above property, whether held by the

defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

    4.    The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above property.

    5.    Any person, other than the above-named defendant, asserting a legal interest in the above property may, within thirty days of the final publication of or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

    6.    Any petition filed by a third party asserting an interest in the above property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the above property, the time and circumstances of the petitioner's acquisition of the right, title, or

interest in the above property, any additional facts supporting the petitioner's claim and the relief sought.

7. No claim filed with the seizing agency in an administrative proceeding, nor any petition filed in a related civil action shall qualify as a petition that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the above property following the court's disposition of all third-party interests, including titled owners, spouses, and any other interested parties, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554, this Preliminary Order of Forfeiture shall become final as to the

defendant at the time of sentencing pursuant to the Plea Agreement and shall be made part of the sentence and included in the judgment.

11. Upon adjudication of all third-party interests, the court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

12. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney Sean A. Camoni, U.S. Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this ___15th___ day of __September__ 2021.

*s/ Matthew W. Brann*
_____
MATTHEW W. BRANN
CHIEF UNITED STATES DISTRICT JUDGE